ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2015 SEP 23 PM 3: 10

DEPUTY CLERK _____

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. |
| TSHOMBE ANDERSON (1)<br>BRENDA ANDERSON (2)<br>LYDIA BANKHEAD (3)<br>JANET ANDERSON (4)<br>LYDIA TAYLOR (5) | 3-15CR-409-M |

INDICTMENT

The Grand Jury Charges:

Count One
Conspiracy to Commit Mail Fraud
[Violation of 18 U.S.C. § 1349 (18 U.S.C. § 1341)]

At all times material to this indictment:

Federal Employees Compensation Act and U.S. Department of Labor, Office of Worker's Compensation Program

1.      The Federal Employees Compensation Act (FECA) provides monetary compensation, medical care, and vocational rehabilitation to United States government civilian employees who suffer work-related injury or occupational disease in the performance of duty. FECA is administered by the U.S. Department of Labor, Office of Workers' Compensation Programs (OWCP). All monetary and medical benefits to employees are funded by the Employees' Compensation Fund, authorized by 5 U.S.C. § 8147.

Indictment – Page 1

2. Health care providers who treat a federal civilian employee for a work-related injury or occupational disease through OWCP may determine that durable medical equipment ("DME") should be prescribed for a patient's treatment and use at home. Examples of DME include crutches, infusion pumps and supplies, oxygen equipment, braces, or Biofreeze[1]. When a health care provider determines DME is necessary and appropriate, (in accordance with industry standards) a prescription is written. The prescription is then given to a company (that is in the business of providing DME) which provides the patient with the requested DME.

3. A company providing DME through OWCP is required to enroll with Affiliated Computer Services which is OWCP's designated bill processing agent. After enrolling with Affiliated Computer Services, providers directly submit claims for payment by OWCP for certain DME using an assigned Affiliated Computer Services provider number. By completing and submitting Form OWCP-1168, providers certify that they have satisfied all applicable federal and state licensure and regulatory requirements.

4. To receive reimbursement from OWCP, DME providers must submit Health Insurance Claim Form 1500 (HCFA-1500) seeking payment for services rendered or equipment provided. When an HCFA-1500 is processed, OWCP pays the DME provider directly either by check or direct deposit into a bank account designated by the provider. When providers both submit claims to, and accept payment from, OWCP they certify that the service for which reimbursement is sought was performed as described and was

---

[1] Biofreeze is a brand of medicated ointment/gel that relieves pain when applied to the body.

Indictment – Page 2

necessary, appropriate, and properly billed in accordance with accepted industry standards.

## The Defendants

5. The defendant **Tshombe Anderson** was an attorney with a law office located in Dallas, Texas. In or about February 2010, the defendant **Tshombe Anderson's** online Texas Secretary of State Direct Account was used to form a DME company called Best First Administration DME of Austin, LLC (hereinafter "BFA") which lists him as one of the company's managers. Then, in 2013, the defendant **Tshombe Anderson's** online Texas Secretary of State Direct Account was used to form two more DME companies: Union Medical Supplices & Equipment, LLC (hereinafter "UMSE") and Sky Care Medical Supplies & Equipment, LLC (hereinafter "SMSE").

6. The defendant **Brenda Anderson** is the wife of the defendant **Tshombe Anderson** and manager of BFA. In April 2010, the defendant **Brenda Anderson** enrolled BFA as a provider with OWCP through Affiliated Computer Services. In February 2010, the defendant **Brenda Anderson**, through BFA, acted as the in-house DME provider for Union Treatment Center (hereinafter "Union"). Both **Brenda Anderson** and **Tshombe Anderson** were fired from Union in May 2011.

7. The defendant **Lydia Bankhead** is the defendant **Tshombe Anderson's** sister. She is listed as a manager of UMSE and enrolled the company as a provider with OWCP through the Affiliated Computer Services.

8.  The defendant **Janet Anderson** is the defendant **Tshombe Anderson's** sister-in-law. She is listed as a manager of SMSE and enrolled the company as a provider with OWCP through the Affiliated Computer Services.

9.  The defendant **Lydia Taylor** is the defendant **Tshombe Anderson's** niece. She sought out and obtained a position as a volunteer intern in OWCP's Dallas office. After obtaining this position and gaining access to OWCP's system, the defendant **Lydia Taylor** would look up claim numbers and provide information to her co-conspirators.

## The Conspiracy

10. Beginning on or about July 2011 and continuing until on or about September 2015, in the Dallas Division of the Northern District of Texas and elsewhere, the defendants, **Tshombe Anderson, Brenda Anderson, Lydia Bankhead, Janet Anderson,** and **Lydia Taylor** did intentionally and willfully combine, conspire, confederate, and agree with others both known and unknown to the Grand Jury to knowingly devise a scheme and artifice to defraud and to obtain money and property from OWCP by means of materially false and fraudulent pretenses, representations and promises, by depositing and causing to be deposited any matter or thing for delivery through the United States Postal Service and private and commercial interstate carriers, for the purpose of executing and attempting to execute the scheme and artifice to defraud.

11. It was the purpose and object of the unlawful conspiracy for the defendants **Tshombe Anderson, Brenda Anderson, Lydia Bankhead, Janet Anderson,** and **Lydia Taylor**, through BFA, UMSE, and SMSE, to unlawfully enrich themselves by submitting

and causing the submission and payment of fraudulent claims to OWCP which: (a) falsely represented that the DME was requested; (b) falsely represented that the DME was necessary; and (c) falsely represented that the DME had be provided. Through this fraudulent scheme, they obtained more than $22,000,000.00.

Manner and Means of the Conspiracy

12. In or about February 2010, the defendant, **Tshombe Anderson**, was working as an attorney for Union which specialized in treatment and rehabilitation of injured state and federal employees. At that time, the defendants **Tshombe Anderson** and **Brenda Anderson** formed BFA. After its formation, BFA became Union's in-house DME provider.

13. As Union's in-house DME provider, the defendant **Brenda Anderson** was given prescriptions for DME by Union doctors. The defendant **Brenda Anderson** would then send the prescribed DME to the patient.

14. To receive reimbursement, the defendant **Brenda Anderson's** company, BFA, billed OWCP by submitting an HCFA-1500 through the Affiliated Computer Services account. OWCP would then direct deposit the payment for the DME into BFA's designated bank account.

15. In May 2011, Union fired the defendants **Brenda Anderson** and **Tshombe Anderson** as a result of an audit which revealed that they appeared to be engaging in fraudulent billing practices.

16. Though the defendants **Tshombe Anderson** and **Brenda Anderson** were terminated, they retained Union patient records and the OWCP information contained within. Using this information, BFA continued to bill OWCP for unrequested and/or unnecessary DME. Most of the unnecessary and/or unrequested DME the defendant **Brenda Anderson's** company BFA billed for after leaving Union was never actually sent or provided.

17. In an effort to conceal the fraudulent billing, however, some packages containing unrequested and/or unnecessary DME was sent to Union patients. The unnecessary DME that was sent by BFA was ordered online and delivered to an address provided by and associated with the defendant **Brenda Anderson**.

18. Between July 2011 and April 2013, BFA billed OWCP more than 1,800 times and was paid more than $250,000.00 for DME that it was not requested and unnecessary.

19. In or about January 2013, the defendant **Tshombe Anderson** used an online Texas Secretary of State Direct Account associated with his law firm to form UMSE. The defendant **Lydia Bankhead** was a manager of UMSE. On or about March 15, 2013, Lydia Bankhead enrolled the company with Affiliated Computer Services, and listed a Duncanville, Texas address for the company.

20. In April 2013, UMSE began billing OWCP for unrequested and unnecessary DME using the patient claim numbers the defendant **Brenda Anderson** had obtained while working for Union. Using this information, UMSE billed OWCP for the unrequested,

and/or unnecessary DME. Most of the unnecessary and/or unrequested DME the UMSE billed for was never actually sent.

21. In an effort to conceal the fraudulent billing, however, some packages containing unrequested and/or unnecessary DME were sent to Union patients. The defendants **Lydia Bankhead, Janet Anderson,** and **Lydia Taylor** packaged, labeled, and deposited these packages into the mail. The DME packages sent to Union patients by UMSE included a letter that stated DME would be provided by UMSE for their work-related injury at no cost to them. The letter further explained that supplies would cease when billings were denied or when patients sent a written request to UMSE.

22. Between May 2013 and August 2013, BFA and UMSE collectively billed OWCP more than 3,500 times and were paid more than $1,400,000.00 for DME that was not requested and unnecessary.

23. In or about May 2013, the defendant **Tshombe Anderson** used an online Texas Secretary of State Direct Account associated with his law firm to form a company called SMSE. The defendant **Janet Anderson**, who is the defendant **Tshombe Anderson's** sister-in-law, is the manager of SMSE.

24. In August 2013, SMSE began billing OWCP for unrequested and unnecessary DME using the patient claim numbers the defendant **Brenda Anderson** had obtained while working for Union. Using this information, SMSE billed OWCP for unrequested and/or unnecessary DME. Most of the unnecessary and/or unrequested DME that UMSE billed for was never actually sent.

25. In an effort to conceal the fraudulent billing, however, some packages containing unrequested and/or unnecessary DME were sent to Union patients. The defendants **Lydia Bankhead, Janet Anderson,** and **Lydia Taylor**, packaged, labeled, and deposited these packages into the mail. The DME packages sent to Union patients by SMSE included a letter that stated DME would be provided by SMSE for their work-related injury at no cost to them. The letter further explained that supplies would cease when billings were denied or when patients sent a written request to SMSE.

26. Between August 2013 and September 2015, BFA, UMSE, and SMSE collectively billed OWCP more than 40,000 times and were paid more than $20,000,000.00 for DME that was not requested and unnecessary.

27. Between July 2011 and September 2015, multiple bank accounts have been opened by and in the name of the defendants **Tshombe Anderson, Brenda Anderson, Lydia Bankhead, Janet Anderson, Lydia Taylor**, and each of the businesses formed by them. These accounts have been used to move the funds obtained from billing OWCP for DME that was not requested and unnecessary.

28. In January 2014, UMSE's address with OWCP was changed to 2606 Martin Luther King Jr. Blvd, Suite 216, Dallas, Texas 75215 which is located in or next to the defendant **Tshombe Anderson's** law office (The Law Office of Tshombe A. Anderson, LLC). Though Suite 216 has a solid brown/wooden door bearing a plaque with the name "Union Medical Supplies & Equipment, LLC," it is empty and unoccupied. Packages

sent by UMSE containing unrequested and unnecessary DME marked "return to sender" or "refused" returned to this location are accepted by the law office.

29. In or about the summer of 2014, the defendant **Tshombe Anderson** suggested that the defendant **Lydia Taylor** volunteer to be an intern in the OWCP Dallas office and be on the lookout for any problems with their businesses. Additionally, the defendant **Lydia Taylor** was asked to learn the entire OWCP process. In exchange for volunteering at OWCP, the defendants **Tshombe Anderson** and Lydia Bankhead paid for the defendant **Lydia Taylor's** college and living expenses.

30. In September 2014, at the request of the defendant **Tshombe Anderson,** the defendant **Lydia Taylor** went to the Department of Labor Office of the Assistant Secretary for Administration and Management (OASAM) where she spoke to a human resources employees about her interest in working as a volunteer intern in the OWCP Dallas office. After working for a few months in the OASAM office, in July 2015, the defendant **Lydia Taylor** was moved to the OWCP office as she had requested. While working as a volunteer intern in the OWCP Dallas office, the defendant **Lydia Taylor** looked up claim numbers in OWCP's system and provided information relating to those claim numbers to the defendants **Tshombe Anderson** and **Lydia Bankhead**.

31. From on or about July 2011 through on or about September 21, 2015, more than 250 patient claim numbers have been used by at least one of the companies formed and managed by the defendants **Tshombe Anderson, Brenda Anderson, Lydia Bankhead, and Janet Anderson** to bill OWCP. UMSE and BFA have billed OWCP for 84 of the

same Union patient claim numbers; UMSE and SMSE have billed 22 of the same Union patient claim numbers; and all three companies have billed 33 of the same Union patient claim numbers.

32. Between June 2011 and September 2015, BFA, UMSE, and SMSE collectively billed OWCP more than 50,000 times and were paid more than $22,000,000.00. This money was paid as a result of the defendants falsely representing that the DME billed for was requested, necessary, and provided to the Union patients.

In violation of 18 U.S.C. § 1349 (18 U.S.C. § 1341).

Forfeiture Notice
[18 U.S.C. § 981; 18 U.S.C. § 982; 21 U.S.C. § 853(p)]

Upon conviction of the offense alleged in Counts One and pursuant to 18 U.S.C. §§ 981(a)(1) and 1956(c)(7)(A) with 28 U.S.C. § 2461(c), the defendants, **Tshombe Anderson, Brenda Anderson, Lydia Bankhead, Janet Anderson,** and **Lydia Taylor,** shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, or a conspiracy to commit the offense, including but not limited to the following: a money judgment in the amount of $32,000,000 (Thirty-Two Million Dollars) representing the approximate amount of proceeds derived from the scheme to defraud and for which defendants are jointly and severally liable, as well as the following specific property, which was seized by federal agents on or about August 26, 2015:

1) $375,000.00 U.S. currency seized from the residence of the defendant **Tshombe Anderson** and **Brenda Anderson**;

2) $295,806.00 U.S. currency seized from the residence of the defendant **Lydia Bankhead**;

3) A 2014 Jeep Grand Cherokee, VIN number 1C4RJEBG9EC521848, Texas License plate FGC 7833 registered to the defendant **Lydia Taylor**;

4) A 2014 Lexus RX450, VIN number JTJZB1BA7E2009557, Arkansas License plate 742 TWH registered to the defendant **Lydia Bankhead**;

5) A 2015 Mercedes S550, VIN number WDDUG8CB1FA132024, Texas License plate FGG 3208 registered to the defendant **Tshombe Anderson**;

6) A total of $8,383,075.92 seized from the following bank accounts:

- Bank of America Account Number XXXX1831, held in the name "Best First Administration DME of Austin LLC"

- Bank of America Account Number XXXX1873, held in the name "Best First Administration DME of Austin LLC Tax Account"

- Bank of America Account Number XXXX2091, held in the name "Brenda F. Anderson"

- Bank of America Account Number XXXX7595, held in the name "Brenda F. Anderson" and "Tshombe A. Anderson" and

- Bank of America Account Number XXXX4261, held in the name "Brenda F. Anderson"

- Bank of America Account Number XXXX6213, held in the name "Sky-care Medical Supplies Equipment LLC"

- Bank of America Account Number XXXX0710, held in the name of "Sky-care Medical Supplies Equipment LL" or "Sky-care Medical Supplies Equipment LLC"

- Bank of America Account Number XXXX2317, held in the name of "Sky-care Medical Supplies Equipment LL" or "Sky-care Medical Supplies Equipment LLC"

- Bank of America Account Number XXXX1695, held in the name "Janet Anderson"

- Bank of America Account Number XXXX1167, held in the name of "Janet Anderson and Ayyub Anderson"

- J.P. Morgan Chase Account Number XXXX2686, held in the name "Union Medical Supplies & Equipment LLC"

- J.P. Morgan Chase Account Number XXXX3728, held in the name "Union Medical Supplies & Equipment LLC"

- J.P. Morgan Chase Account Number XXXX8060, held in the name "Union Medical Supplies & Equipment LLC"

- J.P. Morgan Chase Account Number XXXX1318, held in the name "Union Medical Supplies & Equipment LLC"

- J.P. Morgan Chase Account Number XXXX8629, held in the name "American Federal Union Claims Advocates LLC"

- J.P. Morgan Chase Account Number XXXX6457, held in the name "Lydia R. Taylor"

- J.P. Morgan Chase Account Number XXXX0588, held in the name "Lydia R. Taylor"

- J.P. Morgan Chase Account Number XXXX8662, held in the name "Lydia R. Bankhead"

- J.P. Morgan Chase Account Number XXXX6674, held in the name "Lydia R. Bankhead"

- J.P. Morgan Chase Account Number XXXX7569, held in the name "Lydia R. Bankhead or Portia Anderson Taylor"

- J.P. Morgan Chase Account Number XXXX0278, held in the name "The Law Firm of Tshombe A. Anderson LLC"

- J.P. Morgan Chase Account Number XXXX9265, held in the name "The Law Firm of Tshombe A. Anderson LLC"

- J.P. Morgan Chase Account Number XXXX0660, held in the name "Tshombe A. Anderson"

- Arvest Bank Account Number XXXX6805, held in the name "Lydia Bankhead"

- Arvest Bank Account Number XXXX6915, held in the name "Lydia Bankhead".

If any of the property described above, as a result of any act or omission of the defendant cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States pursuant to 21 U.S.C. § 853(p), as incorporated in 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL

_____
FOREPERSON

JOHN R. PARKER
UNITED STATES ATTORNEY


_____
AARON L. WILEY
Assistant United States Attorney
Texas State Bar No. 21467980
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8812


_____
DAN GIVIDEN
Special Assistant United States Attorney
Texas State Bar No. 24075434
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8812
Email: Danial.Gividen@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

UNITED STATES OF AMERICA

v.

TSHOMBE ANDERSON (1)
BRENDA ANDERSON (2)
LYDIA BANKHEAD (3)
JANET ANDERSON (4)
LYDIA TAYLOR (5)

---

INDICTMENT

18 U.S.C. § 1349 (18 U.S.C. § 1341)
Conspiracy to Commit Mail Fraud

18 U.S.C. § 981; 18 U.S.C. § 982; 21 U.S.C. § 853(p)
Forfeiture Notice

1 Count

A true bill rendered

--------------------------------------------------------------
DALLAS                                              FOREPERSON

Filed in open court this 23rd day of September, 2015.

--------------------------------------------------------------
                                                          Clerk

**SUMMONS TO ISSUE as to Janet Anderson (4); WARRANT TO ISSUE as to Lydia Taylor (5); Brenda Anderson (2) ON BOND since 9/2/2015; Tshombe**

**Anderson (1) IN FEDERAL CUSTODY since 8/28/2015; Lydia Bankhead (3) IN FEDERAL CUSTODY since 8/26/2015**

------------------------- *[signature]* -------------------------------------------------
UNITED STATES DISTRICT/MAGISTRATE JUDGE

Magistrate Case Pending: 3:15-MJ-592-BF